1

2

3

4

5

6

7

8         **UNITED STATES DISTRICT COURT**

9         **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   ODIS MORAN,                                     CASE NO. 08 CV 1569 JM (BLM)

12                                   Petitioner,     **ORDER ADOPTING REPORT AND
                                                     RECOMMENDATIONS**
13          vs.
                                                     Doc. Nos. 10 and 17
14   MIKE KNOWLES, Warden,

                                    Respondent.
15

16          On August 25, 2008, Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of

17   habeas corpus challenging his state court sentence on the following grounds:  (1) the use of upper

18   terms in his sentencing was improper under the Cunningham line of cases; and (2) the use of his

19   juvenile adjudication as a serious/violent felony prior conviction "strike" in determining his sentence

20   violates the Ex Post Facto law.  (Doc. No. 1 at 5-9.)  Respondent moves to dismiss the petition as

21   barred by the applicable statute of limitations pursuant to 28 U.S.C. § 2244(d).  (Doc. No. 10.)

22   Petitioner opposes the motion.  (Doc. Nos.12 and 16.)

23          On February 6, 2009, Magistrate Judge Barbara Lynn Major issued a Report and

24   Recommendations on the petition, recommending the court grant the motion to dismiss and dismiss

25   the petition with prejudice.  (Doc. No. 17, "R&R.")  Petitioner filed objections on March 12, 2009.

26   (Doc. No. 22.)  Having carefully considered the thorough and thoughtful R&R, the record before the

27   court, Petitioner's objections, and applicable authorities, the court adopts the R&R in its entirety.

28   //

1  **I. BACKGROUND**

2      The court reviews a magistrate judge's R&R according to the standards set forth in Federal

3  Rule of Civil Procedure 72(b) and 28 U.S.C. § 636.  The court "shall make a de novo determination

4  of those portions of the report . . . to which objection is made.  A judge of the court may accept, reject,

5  or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28

6  U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673-74 (1980).

7      The court hereby incorporates by reference the factual and procedural Background presented

8  in the R&R.  (Doc. No. 17 at 2-3.)

9  //

10  **II. DISCUSSION**

11      The R&R concludes the instant petition is time-barred by the AEDPA's one-year statute of

12  limitations.  See 28 U.S.C. § 2244(d)(1).  In particular, the R&R finds Petitioner's limitations period

13  began following the conclusion of his direct review in state court on October 6, 1998,[1] and that

14  Petitioner is not entitled to a later start date under § 2244(d)(1)(C).[2]  (R&R at 4-5.)  In Petitioner's

15  view, reiterated in his objections, he is entitled to a later start date because the United States Supreme

16  Court established a "new constitutional rule of law" in Cunningham v. California, 549 U.S. 270

17  (2007), and that this rule applied retroactively to his conviction.  (Doc. No. 16 at 1-2; Doc. No. 22 at

18  1-2.)  The court agrees with the R&R's analysis that Cunningham, while retroactive to cases on

19  collateral review, is not a new rule of constitutional law.[3]  (R&R at 6.)  To the extent Petitioner relies

20

21  _____

   [1]In his objections, Petitioner argues his conviction must not have been final on October 6, 1998
22  because he continues to pursue habeas remedies.  (Doc. No. 22 at 3.)  As the R&R makes clear, the
   state court judgment against Petitioner was "final" for habeas purposes ninety days after the California
   Supreme Court denied his petition for review.  (R&R at 4.)  Pursuit of habeas remedies does not alter
23  the finality of the state court judgment.

24      [2]Under this provision, the one-year limitations period begins to run from "the date on which
   the constitutional right asserted was initially recognized by the Supreme Court, if the right has been
25  newly recognized by the Supreme Court and made retroactively applicable to cases on collateral
   review[,]" if this is the latest date of those defined therein.  28 U.S.C. § 2244(d)(1)(C).
26
      [3]In his objections, Petitioner argues Butler v. Curry, 528 F.3d 624, 639, confirms Cunningham
27  as a "new rule of law."  (Doc. No. 22 at 2.)  However, while the Ninth Circuit acknowledged  the State
   put forth the same argument in that case ("the State's position would require us to hold that each time
28  a rule of general applicability, such as that announced in Blakely, is applied to a discrete circumstance,
   a new rule of constitutional law is created."), the court ultimately concluded, "Cunningham [] did not

1   on Cunningham's predecessor cases, including Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely

2   v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), the court

3   concurs with the R&R that none have been made retroactive.[4]  Since neither Cunningham nor its

4   predecessors satisfy both prongs of § 2244(d)(1)(C), these Supreme Court decisions do not afford

5   Petitioner a delayed start to his limitations period.

6          The R&R also finds Petitioner is not entitled to statutory or equitable tolling.  (R&R at 10-11.)

7   In his objections, Petitioner argues equitable tolling should apply because to hold otherwise would

8   allow the courts to use the AEDPA "as a crutch to deny a petitioner his fundamental and constitutional

9   rights," ultimately creating a "miscarriage of justice."  (Doc. No. 22 at 4.)  These contentions do not

10  amount to an "extraordinary circumstance" which prevented Petitioner from pursuing habeas

11  remedies.  The court concludes Petitioner is not entitled to statutory or equitable tolling.

12         Based on the foregoing, the court finds Petitioner's limitations period expired on October 7,

13  1999.  The court therefore agrees with and adopts the R&R's conclusions that the instant petition is

14  time-barred by the AEDPA statute of limitations.

15  //

16  //

17  //

18  //

19  ─────────────────────

20  announce a new rule of constitutional law...."

21         [4]The R&R cites to Martinez v. Hedgepeth, 2008 WL 3154689, *4 (E.D. Cal.) for the
    proposition that Cunningham's predecessor cases, Apprendi v. New Jersey, 530 U.S. 466 (2000),
    Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), all

22  "have been held to be new rules of constitutional law."  (R&R at 5, 6.)  However, this area of law is
    in flux.  While Apprendi provided a new constitutional rule, it appears Blakely and Booker did not.

23  For example, in Blakely, the Supreme Court expressly noted it applied the "rule expressed in
    Apprendi" and believed "precedents make clear" its ultimate holding.  Blakely, 542 U.S. at 301-03.

24  In Booker, the Supreme Court reiterated that its decision in Blakely had been based on "precedents
    [which] make clear that the 'statutory maximum' for Apprendi purposes is the maximum sentence a

25  judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the
    defendant."  Booker, 543 U.S. at 232 (quoting Blakely, 542 U.S. at 303.  In similar fashion, the Court

26  in Booker, rather than introducing a new rule, applied the Apprendi rule to the Federal Sentencing
    Guidelines.  Id. at 233.  Furthermore, although the Supreme Court ultimately declined to decide the

27  issue, the Court acknowledged the judicial confusion in this area when it granted certiorari in Burton
    v. Stewart, 549 U.S. 147, 149 (2007) ("We granted certiorari in this case...to determine whether our

28  decision in Blakely...announced a new rule and, if so, whether it applies retroactively on collateral
    review.").

1    **III.  CONCLUSION**

2           For the reasons set forth above, the court **ADOPTS** the R&R in its entirety.  (Doc. No. 17.)

3    Accordingly, the court **GRANTS** Respondent's motion to dismiss (Doc. No. 10) and **DISMISSES**

4    the Petition with prejudice.  The Clerk of Court is instructed to close the case file.

5           **IT IS SO ORDERED.**

6    DATED:  May 5, 2009

7    _____

8    Hon. Jeffrey T. Miller
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28